NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

STEWART CORIELL, PETITIONER, v. MADELYN WILSON
VETTER (MRS. JOHN VETTER), AND MR. JOHN VET-
TER, HER HUSBAND, RESPONDENTS.

Injury to Farm Employe—Farm was "Worked on Shares" and
Respondents Were Owners—Evidence, However, Showed
That the Owners Exercised Much Control Over the Manage-
ment of the Farm, Hiring Employes (Among Them, Hired by
Respondents, was Petitioner Himself) and Directing Their
Movements—Held Liable for Injury.

On determination and order of award.

For the petitioner, *Theodore Strong & Son.*

For the respondents, *James J. Curran.*

This is a workmen's compensation case heard at New
Brunswick, New Jersey, May 18th, 1927, in the presence of
the petitioner, both respondents and their respective counsel.
The petitioner was injured November 12th, 1926, at about
four-thirty o'clock in the afternoon on the one hundred and
sixty-seven-acre farm admittedly owned by the respondent
Mrs. Vetter, where he was employed as a farm hand.

Petitioner was carting apples. A lurch of the wagon he
was driving threw him to the ground and a wheel passed
over his right foot, fracturing the base of the fifth metatarsal.
There was no question but that the injury arose out of and in
the course of his employment, but it was contended by the
respondents that the employer was one Frank Ayres, a man
of no financial responsibility, and who was paid but $18
by the Vetters for managing the farm in question for nearly
three months "on shares."

Mrs. Vetter's testimony shows that she left in her husband's
hands the handling of all affairs pertaining to the operation
of the farm. It appears that Mr. Vetter exercised a very
considerable control of who was to be hired, the amount of
wages to be paid and to some extent the conduct of the work.

Mrs. Vetter, therefore, was not a silent partner in the arrangement under which the farm was to be worked upon shares. Moreover, Mr. Vetter paid the petitioner and the other employes with Mrs. Vetter's checks, or the proceeds of her checks, the signature of Mrs. Vetter being first specifically exhibited to them. This alone would stamp the transaction as one for the benefit of Mrs. Vetter, with her husband acting as her agent. *Otmer* v. *Perry,* 94 *N. J. L.* 75. That Mr. Vetter exercised a very considerable control over the performance of the labor is evidenced by his having ordered petitioner to bring in the particular load of apples he was carting when injured, and that, too, after petitioner had informed him that he was quitting that work for the afternoon to prepare for the milking and other chores. The husband exercising this control over the property of the wife, and in no third person's employ, is presumed to act as her agent.

Similarly it was developed that Vetter, in his real estate office in New Brunswick, had hired petitioner and had fixed the amount of his wages.

Respondents maintained that petitioner was intoxicated and as a result received the injuries of which he complains, but the evidence is far from convincing that such was petitioner's state. Vetter's own testimony that he personally saw to it that petitioner brought in this load of apples, negatives this contention.

Petitioner, a man seventy-two years of age, was confined in a hospital from November 14th, 1926, to December 22d, 1926, and owing to his injury was unable to work until March 14th, 1927. He spent the time between his discharge from the hospital until shortly before his return to work in the county poor house.

His wages were $15 a month plus board and lodging. I will direct that respondent Mrs. Vetter pay him compensation at the rate of $8 per week for twenty weeks; that since his need of medical service was known and not provided, but was procured by petitioner, she pay his hospital bill of $130 and doctor's bill of $45, also a fee of $125 to his counsel.

W. E. STUBBS,
*Deputy Commissioner.*